IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIE C. WALKER, §<br>   #2081561, §<br>            PETITIONER, §<br> §<br>V. §<br> §<br>LORIE DAVIS, DIRECTOR, §<br>TEXAS DEPARTMENT OF CRIMINAL §<br>JUSTICE, CORRECTIONAL §<br>INSTITUTIONS DIVISION DIV., §<br>            RESPONDENT. § | CIVIL CASE NO. 3:18-CV-3033-M-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including findings and a recommended disposition. As detailed here, Petitioner Willie C. Walker's petition for writ of habeas corpus under 28 U.S.C. § 2254 should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**I.      BACKGROUND**

In 2016, Walker pled guilty to sexual assault of a child under 17 years of age and was sentenced to 15 years' imprisonment. *State v. Walker*, No. F-1550911 (Crim. Dist. Ct. No. 2, Dallas Cty., Tex., Aug. 1, 2016).[1] He unsuccessfully sought state habeas relief. *Ex parte*

---

[1] The state docket sheet is available at http://courtecom.dallascounty.org/publicaccess/ (last accessed March 28, 2019).

*Walker*, No. WR-87,469-01 (Tex. Crim. App. Jul. 25, 2018) (denying relief).² On November 9, 2018, Walker filed the instant *pro se* federal habeas petition, challenging his conviction. Doc. 1. As his federal petition appeared untimely, the Court directed Walker to respond regarding the application of the one-year limitations period, which he has now done. Doc. 16. Having now reviewed all of the applicable pleadings and law, the Court concludes that Walker's petition was filed outside the one-year limitations period and, because no exception applies, should be dismissed as time barred.

## II.   ANALYSIS

### A.  One-Year Statute of Limitations and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Walker does not allege any facts that could trigger a starting date under Subsections 2254(d)(1)(B)-(D), so the one-year limitations period began to run from the date his judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Because Walker did not pursue a direct appeal, his conviction became final on August 31, 2016—30 days after the August 1, 2016 judgment. *See* Tex. R. App. P. 26.2(a)(1). Thus, when

---

² The state habeas docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=WR-87,469-01&coa=coscca (last accessed Mar. 28, 2019).

his state habeas application was filed on July 27, 2017, 330 days of the one-year limitations period had already elapsed.³  The state application remained pending until its denial on July 25, 2018, statutorily tolling the one-year limitations period during its pendency.  28 U.S.C. § 2244(d)(2) (statutory tolling available during pendency of properly filed state application).  The one-year period resumed running on July 26, 2018, and expired 35 days later on August 29, 2018.

Walker's suggestion that the one-year period began on July 25, 2018—at the conclusion of his state post-conviction proceedings when the TCCA denied his state habeas application—is baseless.  Doc. 16.  The AEDPA one-year period commences upon the conclusion of direct review of a judgment of conviction or upon the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  The running of the limitations period is merely suspended while state post-conviction proceedings are pending.  28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").  *See also Gonzalez v. Thaler*, 623 F.3d 222, 225 (5th Cir. 2010) (distinguishing the AEDPA's "tolling provision, § 2244(d)(2)" from its "triggering provision, § 2244(d)(1)").

---

³ The state application is deemed filed on July 27, 2017, the date Walker indicated it was signed and, therefore, was also likely given to prison officials for mailing.  *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (holding prison mailbox rule applies to state habeas application).  An electronic copy of the state application in Case No. in Case No. W1550911A is available at http://courtecom.dallascounty.org/publicaccess/ (last accessed March 28, 2019).

Consequently, the petition *sub judice*, deemed filed on November 8, 2018, is clearly outside the one-year limitations period absent equitable tolling.[4]

B.  **Equitable Tolling**

Walker's filings, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (internal quotation marks and quoted case omitted)).  Unexplained delays do not evince due diligence or rare and extraordinary circumstances.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (noting "equity is not intended for those who sleep on their rights" (internal quotation marks and quoted case omitted)).

Furthermore, this is not a case in which Walker pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam).  As previously noted, he squandered the entire one-year period, waiting 330 days from the date his conviction became final to file his state habeas application, and delaying an additional 71 days after his state application was denied before mailing his federal petition.  Moreover, Walker's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling.  *See Felder v. Johnson*,

---

[4] Although Walker certified signing and placing the federal petition in the prison mailing system on November 2, 2017, it was not post-marked until November 8, 2018. Doc. 1 at 10-11; *see* Rule 3(d) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (providing "mailbox rule" is applicable to inmates who use jail/prison's internal mailing system).  The certification date was clearly a mistake, since: (1) Walker's state application remained pending until July 25, 2018, and (2) it is highly improbable that the mailing containing the petition was not postmarked for almost exactly one year after deposit.

204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (per curiam) (finding that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").

Consequently, Walker has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

**SO RECOMMENDED** on April 4, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).